Dear Representative Guillory:
An employment contract between a city/employer and the union provides that the employer pay an employee who leaves his job for reasons other than disciplinary severance pay at termination. You question if the parties are legally bound to do so.
In short, we believe that the contract creates a legal obligation and therefore the parties are bound by it. An expenditure of public funds must be addressed in light of Article 7, Section 14(A) of the Louisiana Constitution. This article prohibits the state or any of its political subdivisions from loaning, pledging or donating its funds or things of value to or for any person and is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so.[1] Our office has interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty.[2]
Although we have consistently opined that the payment of a bonus or any other gratuitous, unearned payment to public employees is prohibited by Article 7, Section 14(A) of the Louisiana Constitution, that is not to say that a public employee is not entitled to be paid for all labor provided during his course of employment as well as all earned benefits, including annual leave, sick leave, retirement, etc.
It is our opinion that the severance pay outlined in the contract is not a bonus or gratuitous, unearned payment. Rather, it is an earned benefit contemplated at the time of employment. The provision for severance pay in the contract is a legal obligation of the city/employer and accordingly the payment of such is in the discharge of a legal duty. It is not a prohibited donation. We distinguish this opinion from our prior opinion regarding severance pay to a public employee upon her termination.[3] In that opinion, there was no contract and severance pay was not an earned benefit. Here, we have a contract that creates the obligation to pay it.
We trust that this opinion adequately responds to your request. If you have any questions or comments, please contact our office.
Yours verly truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
[1] City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983)
[2] Attorney General Opinion Nos. 02-0162 and 00-14
[3] Attorney General Opinion No. 00-123